1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   TONYA ENGELBRECHT,                    No.  2:17-cv-1230-JAM-KJN PS

12              Plaintiff,

13        v.                               ORDER

14   SANTA CLARITA VALLEY MENTAL
     HEALTH & DR. PHANI TUMU,
15

16              Defendants.

17

18        Plaintiff Tonya Engelbrecht, who proceeds in this action without counsel,[1] has requested

19   leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  (ECF No. 2.)  After carefully

20   reviewing plaintiff's complaint, the court concludes that the action should be transferred to the

21   United States District Court for the Central District of California.

22        The federal venue statute provides that a civil action "may be brought in (1) a judicial

23   district in which any defendant resides, if all defendants are residents of the State in which the

24   district is located; (2) a judicial district in which a substantial part of the events or omissions

25   giving rise to the claim occurred, or a substantial part of property that is the subject of the action

26   is situated; or (3) if there is no district in which an action may otherwise be brought as provided in

27   ―――――――――――――――――

     [1] This case proceeds before the undersigned pursuant to Local Rule 302(c)(21).
28

                                        1

this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

In this case, plaintiff alleges that defendant Dr. Phani Tumu, a psychiatrist with the Santa Clarita Valley Mental Health ("SCVMH") clinic, repeatedly denied her sleeping medication, resulting in torture. She further alleges that SCVMH engaged in various improper billing practices and fraud. (See generally ECF No. 1.)

In light of the foregoing, this district is not the proper venue for this action. For purposes of 28 U.S.C. § 1391(b)(1), defendants do not reside in this district, because Santa Clarita, California is located in Los Angeles County, which is in the Central District of California. Additionally, for purposes of 28 U.S.C. § 1391(b)(2), this district is not a district in which a substantial part of the events or omissions giving rise to the claims occurred. Any alleged failures to prescribe medication as well as any alleged improper billing practices and fraud took place at the clinic in Santa Clarita, California, located in Los Angeles County, in the Central District of California. Even though plaintiff presently resides in Frazier Park, California, located in Kern County, a plaintiff's county of residence is not relevant in determining proper venue. Furthermore, 28 U.S.C. § 1391(b)(3) does not apply in this case, because there is another district in which this action may be brought—the Central District of California.

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Here, filing in this district appears to have been an inadvertent error by a pro se plaintiff unfamiliar with the procedural rules of venue. As such, the court finds that transfer in lieu of dismissal is appropriate.

Therefore, the court transfers this action to the Central District of California. In light of the transfer, the court declines to rule on plaintiff's pending motion to proceed *in forma pauperis*, which will be resolved by the Central District of California. In transferring this action, this court also expresses no opinion regarding the merits of plaintiff's claims.

////

////

Accordingly, IT IS HEREBY ORDERED that:

1.  The action, including plaintiff's pending motion to proceed *in forma pauperis*, is TRANSFERRED to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1406(a).

2.  The Clerk of Court shall close this case.[2]

IT IS SO ORDERED.

Dated:  June 16, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff is instructed to direct any filings or inquiries related to this case to the United States District Court for the Central District of California.  Further information regarding that court's Local Rules and procedures can be obtained on the court's website at https://www.cacd.uscourts.gov or by telephone at (213) 894-1565.  *Plaintiff is cautioned that further filings in the Eastern District of California related to this case will be disregarded.*